Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50182 | **DATE** | 11/5/2003 |
| **CASE TITLE** | Horton vs. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies the section 2254 petition and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | 2 number of notices | |
| X | Notices mailed by judge's staff. | NOV 14 2003 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 11-6-03 date mailed notice | |
| LC | courtroom deputy's initials | 2003 NOV -6 AM 11:13 Date/time received in central Clerk's Office | CR mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Petitioner, Andre Horton, filed a pro se petition pursuant to 28 U.S.C. § 2254, seeking to challenge his conviction in an Illinois court of possession with the intent to deliver between 1 and 15 grams of cocaine on residential property owned, operated and managed by a public housing agency, 720 ILCS 570/407 (b)(1) (West 2000). He raises the same two issues he raised in his direct appeal to the Illinois appellate court and in his petition for leave to appeal in the Illinois supreme court (which was denied): (1) whether the State failed to prove him guilty beyond a reasonable doubt; and (2) whether the trial court should have declared a mistrial following improper testimony by a prosecution witness concerning his prior arrest for another offense. The State has filed a response to the section 2254 petition asking that it be denied.

Under section 2254 (d)(1), as amended by the Antiterrorism and Effective Death penalty Act of 1996, a prisoner may obtain relief on a claim that was adjudicated on the merits by a state court if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Piaskowski v. Bett, 256 F. 3d 687, 691 (7th Cir. 2001). In the case of a challenge to the sufficiency of the evidence to convict, the clearly established federal law is that of Jackson v. Virginia, 443 U.S. 307 (1979), which held that due process requires reversal of a criminal conviction if, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Piaskowski 256 F. 3d at 691. If the facts of a given case are dissimilar to Jackson, as they are here, a court must confine its habeas inquiry to whether the state reviewing court's decision that a rational jury could have convicted the petitioner on the record resulted from an objectively unreasonable application of the Jackson standard. Piaskowski, 256 F. 3d at 691.

Here, the Illinois appellate court held, relying on the Jackson standard as adopted by the Illinois supreme court, that the evidence was such that, when viewed in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Based on the evidence in petitioner's case, this was not an objectively unreasonable application of established Supreme Court law. Thus, the court denies the section 2254 petition as to that issue.

A federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. Moore v. Bryant, 295 F. 3d 771, 774 (7th Cir. 2002). The independent and adequate state ground doctrine applies to bar federal habeas relief when a state court declined to address a prisoner's federal claim because the prisoner had failed to meet a state procedural requirement. Moore, 295 F. 3d at 774. But the state court must have actually relied on the procedural default as an independent basis for its decision. Moore, 295 F. 3d at 774. A state court's review for plain error does not cure a procedural default. Rodriguez v. McAdory, 318 F. 3d 733, 735 (7th Cir. 2003). Although a state court's review of whether there is plain error often entails at least limited review of the merits, such limited review is at most entangled with the merits and certainly not entirely dependent on the merits. Rodriguez, 318 F. 3d at 736. Thus, the state court's plain error review does not undo the procedural default. Rodriguez, 318 F. 3d at 736.

In this case, petitioner's issue regarding the failure to declare a mistrial was held to be waived by the Illinois appellate court. The appellate court further held that no plain error existed that would excuse the procedural default. Nor has petitioner demonstrated cause and prejudice related to the default or that a miscarriage of justice will occur if the issue is not considered. See Aliwoli v. Gilmore, 127 F. 3d 632, 634 (7th Cir. 1997). Accordingly, the issue is not reviewable via habeas corpus.

For the foregoing reasons, the court denies the section 2254 petition and dismisses this cause in its entirety.